UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SCOTT ANTHONY OWENS, | ) |
| *Petitioner,* | ) |
| v. | ) Cause No. 3:16-cv-631 |
| | ) (Arising from 3:15-cr-61) |
| UNITED STATES OF AMERICA, | ) |
| *Respondent.* | ) |

OPINION AND ORDER

Scott Owens pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and was sentenced to 46 months' imprisonment. This matter is before the court on Mr. Owens's motion to vacate and correct his sentence under 28 U.S.C. § 2255. For the reasons that follow, the court denies Mr. Owens's motion.

I. BACKGROUND

Mr. Owens pleaded guilty to being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). He had one prior felony conviction, domestic battery, that's relevant to this claim. The court considered his prior felony conviction as a "crime of violence" under the Federal Sentencing Guidelines. U.S.S.G. § 4B1.2. With one prior conviction for a felony "crime of violence" and because he possessed a firearm capable of accepting a large capacity magazine, the court assigned Mr. Owens a base offense level of 22. U.S.S.G. § 2K2.1(a)(3). With a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, his final adjusted

offense level was 19. Without the prior "crime of violence," Mr. Owens's final adjusted offense level would have been 17. U.S.S.G. §§ 2K2.1(a)(4), 3E1.1. The guidelines recommended a sentence of 46 to 57 months instead of a sentence from 37 to 46 months without the prior "crime of violence." *See* U.S.S.G. § 5A. The court sentenced Mr. Owens to 46 months.

As part of his plea agreement, Mr. Owens agreed to the following:

I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 *or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255*[.]

Pet. to Enter a Guilty Plea, ¶ 9(d) (emphasis added).

On June 26, 2015, the Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson concerned the Armed Career Criminal Act, which imposes a fifteen-year mandatory minimum sentence for a defendant who committed three prior "violent felonies." The statute defines "violent felony" as:

any crime punishable by imprisonment for a term exceeding one year . . . that –

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the "elements clause"]; or

(ii) is burglary, arson, or extortion, involves use of explosives [known as the "enumerated offenses clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [known as the "residual clause"];

18 U.S.C. § 924(e)(2)(B). Johnson held that the residual clause is unconstitutionally vague under the Due Process Clause, U.S. CONST. amend. V.

2

Johnson announced a substantive rule retroactively applicable to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Mr. Owens wasn't sentenced under the definition of "violent felony" in the ACCA, but under identical language in the guidelines defining "crime of violence." Mr. Owens argues that after Johnson, domestic battery isn't a "crime of violence" under the guidelines, so his sentence shouldn't have been enhanced.

## II. STANDARD OF REVIEW

A person convicted of a federal crime can challenge his sentence on grounds that the sentence violates the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Generally, issues not argued and decided on direct appeal can't be raised in a § 2255 petition unless the petitioner can show good cause and actual prejudice for the procedural default. Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002). Mr. Owens filed his motion to correct his sentence within one year of when his judgment became final. 28 U.S.C. § 2255.

An evidentiary hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255. The factual and legal issues raised can be resolved on the record, so no hearing is necessary.

## III. DISCUSSION

The court can't reach the merits of Mr. Owens's petition because the appeal waiver prevents him from raising them.

"We will enforce an appeal waiver in a plea agreement if the terms of the waiver are clear and unambiguous and the defendant knowingly and voluntarily entered into the agreement." United States v. Worden, 646 F.3d 499, 502 (7th Cir. 2011). "To bar collateral review, the plea agreement must clearly state that the defendant waives his right to collaterally attack his conviction or sentence in addition to waiving his right to a direct appeal." Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011) (italics omitted). "[A] defendant's freedom to waive his appellate rights includes the ability to waive his right to make constitutionally-based appellate arguments" and "preclude appellate review even of errors that are plain in retrospect." United States v. Smith, 759 F.3d 702, 707 (7th Cir. 2014).

Mr. Owens's appeal waiver was knowing and voluntary. The waiver explicitly says that by pleading guilty, he waives his right to contest his sentence in "any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255." The waiver was knowing and voluntary and the current claim falls within its scope, so the waiver "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

There are limited exceptions to this rule. A court will disregard the waiver if "the district court relied on a constitutionally impermissible factor (such as race), the sentence exceeded the statutory maximum, [ ] the defendant claims ineffective assistance of counsel in connection with the negotiation of the plea agreement," Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011), or Mr. Owens was "depriv[ed] of some minimum of civilized procedure (such as if the

4

parties stipulated to trial by twelve orangutans)," United States v. Adkins, 743 F.3d 176, 192-193 (7th Cir. 2014).

None of these exceptions apply. Mr. Owens was sentenced based on his crime and his criminal history, not a constitutionally impermissible factor. The sentence was within the statutory maximum. Mr. Owens was represented at the time he pleaded guilty and doesn't challenge his attorney's performance. Last, nothing suggests that Mr. Owens signed onto an uncivilized procedure. That is enough to close the door on his challenge. *See* United States v. Worthen, No. 15-3521 (7th Cir. Nov. 28, 2016) (enforcing waiver in Johnson-based claim). Mr. Owens is bound by the waiver and this court won't reach the merits of his argument.

Last, Mr. Owens hasn't substantially shown he was denied a constitutional right, and so the court issues no certificate of appealability. 28 U.S.C. § 2253(c)(2). Should a court reach the merits of his argument, he hasn't shown that felony domestic battery could arguably fall outside the definition of "crime of violence." A "crime of violence" exists if the crime "has as an element the use, attempted use, or threatened use of physical force." U.S.S.G. § 4B1.2(a)(1). Johnson doesn't impact this portion of the definition.

IV. CONCLUSION

Based on the foregoing, the court DENIES Mr. Owens's motion to vacate and correct his sentence [Doc. No. 51] and issues no certificate of appealability.

5

SO ORDERED.

ENTERED:  December 2, 2016

                                           /s/ Robert L. Miller, Jr.
                                          Judge
                                          United States District Court